381 So.2d 118 (1980)
Charles Sylvester BELL
v.
John C. WATKINS, Commissioner, Mississippi Department of Corrections; Steve Hargett, Warden, Mississippi State Penitentiary; Gene Walters, Sheriff of Forrest County, Mississippi; T.B. Bruce, State Executioner; and the State of Mississippi.
No. 50382.
Supreme Court of Mississippi.
February 6, 1980.
Paul Richard Lambert, Hattiesburg, Campbell & DeLong, James L. Robertson, Greenville, John L. Maxey, II, Jackson, for appellant.
A.F. Summer, Atty. Gen., by Marvin L. White, Jr., Sp. Asst. Atty. Gen., Jackson, for appellees.
En Banc.
WALKER, Justice, for the Court:

ON MOTION FOR LEAVE TO FILE A PETITION FOR WRIT OF ERROR CORAM NOBIS AND/OR WRIT OF HABEAS CORPUS
On June 22, 1976, D.C. Haden was shot to death in a wooded area in Forrest County, Mississippi. Charles Sylvester Bell was indicted for the capital murder of D.C. Haden while engaged in the commission of a felony, to-wit: The crime of kidnapping and armed robbery. Miss. Code Ann. § 97-3-19(2)(e) (1972), as amended. Petitioner entered a plea of not guilty to the indictment.
The case was called for trial in the Circuit Court of Forrest County, Mississippi, on the morning of March 19, 1977. Petitioner was tried before a jury in a bifurcated trial under the criteria set out in Jackson v. State, 337 So.2d 1242 (Miss. 1976). The trial lasted four days. On March 23, 1977, the jury returned into open court a verdict of "Guilty as Charged." Thereafter, petitioner was put to trial on the question of sentence and on the same day the jury returned its verdict that the petitioner should suffer the penalty of death:
We, the Jury, unaninously [sic] find that after weighting [sic] the mitigating circumstances and the aggravating circumstances, one against the other, that the mitigating circumstances do not outweight [sic] the aggravating circumstances, and that the Defendant should suffer the penalty of death.
Execution of sentence was stayed pending appeal.
On May 24, 1978, the Supreme Court of Mississippi handed down its decision affirming the conviction and sentence of petitioner. Bell v. State, 360 So.2d 1206 (Miss. 1978). On August 9, 1978, petitioner's petition for rehearing, a copy of which is annexed hereto as Appendix "A", was denied.
*119 Thereafter, on or about December 9, 1978, petitioner filed in the Supreme Court of the United States a petition for a writ of certiorari to the Supreme Court of Mississippi. By order entered on March 5, 1979, the Supreme Court of the United States denied petitioner's petition for writ of certiorari. Bell v. Mississippi, 440 U.S. 950, 99 S.Ct. 1433, 59 L.Ed.2d 640 (1979).
Immediately thereafter, the State of Mississippi filed in the Supreme Court of the State of Mississippi a motion to reset the execution date. On March 14, 1979, the Supreme Court of Mississippi entered an order setting April 11, 1979, as the date for the execution of sentence of death upon petitioner.
On April 2, 1979, petitioner filed with this Court a motion for leave to file a petition of error coram nobis and/or writ of habeas corpus, a copy of which is annexed hereto as Appendix "B". On April 6, 1979, this Court entered its order overruling and denying said motion.
Immediately thereafter, on April 6, 1979, petitioner instituted in the United States District Court for the Northern District of Mississippi proceedings in the nature of a petition for a writ of habeas corpus pursuant to Article 1, Section 9 of the Constitution of the United States and Chapter 153, Title 28, United States Code. Said proceedings were styled "Charles Sylvester Bell v. John C. Watkins, et al." and were docketed in said Court as Civil Action No. GC 79-57-S-O. Pursuant thereto, on April 9, 1979, the Court entered an order granting a stay of execution which order remains in effect to this date.
Subsequently, on May 24, 1979, the aforesaid action pending in the United States District Court for the Northern District of Mississippi, was transferred to and placed upon the docket of the United States District Court for the Southern District of Mississippi, Hattiesburg Division, Civil Action No. H-79-0087N.
Thereafter, the respondents, acting on behalf of the State of Mississippi, filed a motion to dismiss urging that certain of the claims presented by petitioner to the United States District Court in his amended complaint had not been presented to the courts of the State of Mississippi as required by 28 U.S.C. § 2254(b). On October 25, 1979, the United States District Court entered an order:
(a) Retaining jurisdiction over the cause, and
(b) Continuing into effect the stay of execution,
(c) Directing petitioner, Charles Sylvester Bell, to initiate within fifteen days post-conviction proceedings in the courts in the State of Mississippi for the purpose of exhausting his state remedies.
The petitioner alleges that facts and/or legal issues raised in his complaint in the nature of a petition for writ of error coram nobis and/or writ of habeas corpus came to the attention of petitioner after the decision of this Court rendered May 24, 1978. A copy of the complaint is attached hereto as Exhibit "C".
The Court, sitting en banc, has carefully and meticulously considered each allegation of the petitioner's complaint in the nature of a petition for writ of error coram nobis and/or a petition for writ of habeas corpus. Some of the allegations have now been considered by the Court in this case no less than four times.
We have given particular attention to the petitioner's allegations with reference to his claim of inadequacy of counsel, and, after a review of the record and trial transcript of this cause, are of the opinion this allegation is particularly lacking in merit for any of the reasons assigned by the petitioner. Trial counsel diligently and ably represented the petitioner at every stage of the proceedings.
We are of the opinion that the petitioner, Charles Sylvester Bell, received a fair trial by a jury of his peers in conformity with the laws of the State of Mississippi and the Constitution of the United States; and, the verdict of the jury and sentence imposed upon him were amply supported and justified by the evidence beyond a reasonable doubt.
*120 Petitioner's motion to file his complaint in the nature of a petition for writ of error coram nobis and/or a petition for writ of habeas corpus in the Circuit Court of Forrest County, Mississippi, is overruled.
MOTION FOR LEAVE TO FILE A PETITION FOR WRIT OF ERROR CORAM NOBIS AND/OR WRIT OF HABEAS CORPUS OVERRULED.
All Justices concur.

APPENDIX

EXHIBIT A

IN THE SUPREME COURT OF THE STATE OF MISSISSIPPI

NO. 50,382
CHARLES SYLVESTER BELL APPELLANT
VERSUS
STATE OF MISSISSIPPI APPELLEE

PETITION FOR REHEARING
COMES NOW, Appellant, Charles Sylvester Bell, by and through his attorney of record, and files this his Petition for Rehearing in the above styled cause, and that with all due respect the opinion of this Court rendered on the 24th day of May, 1978, should be reversed and remanded to the Circuit Court of Forrest County for a new trial in that the Appellant was deprived certain invaluable rights which denied Appellant a fair and impartial trial before a fair and impartial jury, more particularly assigned as follows:

I.
That the lower Court erred by granting certain instructions for the State which deprived Appellant of his fundamental right to a fair and impartial trial.

II.
That the "judicial interpretation" in Jackson v. State, 337 So.2d 1242 (Miss. 1976), constituted a grave departure from the due process clause of the Fourteenth Amendment to the Constitution of the United States of America.

III.
That this cause was considered by the entire panel of nine (9) Supreme Court Justices from its inception in September, 1977, and that several weeks following the oral arguments on January 31, 1978, that the Honorable and distinguished Justice William Henry Inzer died prior to the decision being rendered and did not participate in the final decision making process.

IV.
The lower court erred by refusing to suppress the purported waiver and statement of Appellant.

V.
That the failure of the proper authorities to follow statutory procedure by not fully investigating the age and background of Appellant violated his rights guaranteed to him by the due process clause of the Fourteenth Amendment.

VI.
The lower court erred by not granting the Appellant a mental and physical examination prior to trial.

VII.
The record does not reflect that the jury was specially sworn as provided by Section 13-5-73 Mississippi Code, Annotated 1972.

VIII.
The record does not reflect that Appellant was present throughout the trial.

EXHIBIT B

IN THE SUPREME COURT OF THE STATE OF MISSISSIPPI
CHARLES SYLVESTER BELL PETITIONER
VS. NO. 50,382
JOHN C. WATKINS, Commissioner,
Mississippi Department of
Corrections; STEVE HARGETT,
Warden, Mississippi State Penitentiary;
GENE WALTERS,
Sheriff of Forrest County, Mississippi;
T.B. BRUCE, State Executioner;
and THE STATE OF
MISSISSIPPI RESPONDENTS

*121 MOTION FOR LEAVE TO FILE A PETITION FOR WRIT OF ERROR CORAM NOBIS AND/OR WRIT OF HABEAS CORPUS
NOW COMES Charles Sylvester Bell, Petitioner herein, and respectfully shows unto this Court as follows:

1.
On June 22, 1976, D.C. Haden, a white person, was shot to death in a wooded area in Forrest County, Mississippi. Four men, Caesar Posey, Bobby McFarland, Luther York, and this Petitioner, Charles Sylvester Bell, were indicted for his murder. The instant indictment charged Bell and Posey with the capital murder of D.C. Haden while he was engaged in the commission of a felony, to-wit: the crime of kidnapping and armed robbery. Miss.Code (1972) § 97-3-19(2)(e), as amended. Petitioner entered a plea of not guilty to the indictment.

2.
The case was called for trial in the Circuit Court of Forrest County, Mississippi, on the morning of March 19, 1977. Petitioner was tried before a jury in a bifurcated trial under the criteria set out in Jackson v. State, 337 So.2d 1242 (Miss. 1976). The trial lasted four days. On March 23, 1977, the jury returned into open Court a verdict of "Guilty as Charged". Thereafter, Petitioner was put to trial on the question of sentence and on the same day the jury returned the following verdict:
We, the Jury, unaninously [sic] find that after weighting [sic] the mitigating circumstances and the aggravating circumstances, one against the other, that the mitigating circumstances do not outweight [sic] the aggravating circumstances, and that the Defendant should suffer the penalty of death.
Execution of sentence was, of course, stayed pending appeal.

3.
On May 24, 1978, the Supreme Court of Mississippi handed down its decision affirming the conviction and sentence of Petitioner. Bell v. State, 360 So.2d 1206 (Miss. 1978). Four of the nine justices dissented. 360 So.2d at 1216-1218. On August 9, 1978, Petitioner's petition for rehearing was denied.

4.
Thereafter, on or about December 9, 1978, Petitioner filed in the Supreme Court of the United States a petition for a writ of certiorari to the Supreme Court of Mississippi. By order entered on March 5, 1979, the Supreme Court of the United States denied Petitioner's petition for writ of certiorari.

5.
Immediately thereafter, the State of Mississippi filed in the Supreme Court of the State of Mississippi a motion to reset execution date. On March 14, 1979, the Supreme Court of Mississippi entered an order setting April 11, 1979, as the date for the execution of sentence of death upon Petitioner.

6.
Petitioner respectfully submits that substantial factual, legal and constitutional questions remain unresolved, any one or more of which could vitiate the conviction and sentence of Petitioner. Petitioner attaches hereto the original and two executed counterparts of a complaint in the nature of a petition for a writ of error coram nobis and/or a petition for a writ of habeas corpus and incorporates same into this motion by reference as though copied in full verbatim herein.

7.
As set forth in the attached complaint, the questions raised therein should initially be presented to the Circuit Court of Forrest County, Mississippi, the Court in which Petitioner was originally tried and convicted. This application is initially made to this Court in accordance with Rule 38 of the Rules of the Supreme Court of Mississippi.

8.
Most of and/or all of the issues raised in the annexed Complaint have never been presented to any court of the State of Mississippi. In the interest of justice, these questions should be presented to, heard and *122 adjudicated by courts of the State of Mississippi prior to the execution of sentence upon Petitioner.

9.
The facts and/or legal issues raised in the annexed Complaint came to the attention of Petitioner after the decision of this Court rendered May 24, 1978. There has been no want of diligence on the part of Petitioner and/or his counsel.

10.
Most, if not all, of the errors in the proceedings in the Circuit Court of Forrest County, Mississippi and/or in this Court, as set forth more fully in the annexed Complaint, are plain or clear errors which should have been, and which may now be, noticed by the Court and may form the basis for an order vacating the conviction and/or sentence of Petitioner.

11.
The granting of the relief for which prayer is hereinafter made is absolutely essential in order that the constitutional rights of Petitioner, as set forth hereinabove, might be vindicated and that the deprivations of such rights might be redressed. The circumstances of this case are compelling, and the granting of the relief for which prayer is hereinafter made is absolutely necessary in order that justice may be done.

12.
This motion is being filed in good faith and in the belief that Petitioner is entitled to the relief for which prayer has been made in Complaint annexed hereto. This motion is not being filed solely for reasons of delay.
WHEREFORE, in consideration of the premises, Petitioner respectfully prays that he be permitted to file in the Circuit Court of Forrest County, Mississippi, the complaint in the nature of a petition for writ of error coram nobis and/or a writ of habeas corpus in substantially the form annexed hereto; and, Petitioner prays for such further and additional relief as may be just and proper in the premises.

IN THE CIRCUIT COURT OF FORREST COUNTY, MISSISSIPPI
CHARLES SYLVESTER BELL PETITIONER
VS. NO. ____
JOHN C. WATKINS, Commissioner,
Mississippi Department of
Corrections; STEVE HARGETT,
Warden, Mississippi State Penitentiary;
GENE WALTERS,
Sheriff of Forrest County, Mississippi;
T.B. BRUCE, State Executioner;
and THE STATE OF
MISSISSIPPI RESPONDENTS

COMPLAINT
Charles Sylvester Bell, Petitioner herein, respectfully presents this Complaint in the nature of a Petition for a Writ of Error Coram Nobis and/or a Petition for a Writ of Habeas Corpus, unto the Court, and would show unto the Court as follows, to-wit:

1.
Jurisdiction of this cause is vested in this court as follows:
(a) This Court has the power to grant the writ of error coram nobis, for which prayer is hereinafter made and, in accordance therewith, to grant the relief for which prayer is made by Petitioner, pursuant to the provisions of Section 99-35-145 of the Mississippi Code of 1972, as amended;
(b) This Court has the power to grant the writ of habeas corpus for which prayer is hereinafter made, and, in accordance therewith, to grant the further relief for which prayer is hereinafter made pursuant to Article 3, Section 21, of the Mississippi Constitution of 1890, and Section 11-43-7 of the Mississippi Code of 1972, as amended, and upon other applicable bases.

2.
Petitioner, a member of the Negro or black race, is an adult person who is presently incarcerated at the Maximum Security Unit at the Mississippi State Penitentiary situated in Parchman, Sunflower County, Mississippi.

3.
The Respondents are:
(1) John C. Watkins, an adult resident citizen of Jackson, Hinds County, Mississippi, *123 who is the duly and lawfully qualified, acting and serving Commissioner of the Department of Corrections, State of Mississippi, who has his principal office at Room 200, 723 North President Street, Jackson, Mississippi;
(2) Steve Hargett, an adult resident citizen of Parchman, Sunflower County, Mississippi, who is the lawfully appointed Warden, Mississippi State Penitentiary, Parchman, Mississippi, and is charged by law with maintaining the custody of all prisoners of the State of Mississippi, including Petitioner;
(3) Gene Walters, an adult resident citizen of Forrest County, Mississippi, who is the lawfully elected Sheriff of Forrest County, Mississippi, who maintains his office at the Forrest County Courthouse, Hattiesburg, Mississippi, who is charged by law with general supervision of the execution of the sentence of death upon Petitioner as hereinafter set forth;
(4) T.B. Bruce, an adult resident citizen of Belzoni, Humphreys County, Mississippi, who is the lawfully appointed State Executioner and who is charged by law with the execution of the sentence of death upon Petitioner, as hereinafter set forth; and
(5) The State of Mississippi.

4.
(a) Honorable A.F. Summer is the duly elected and lawfully serving Attorney General of the State of Mississippi who maintains his office at the Carroll Gartin Justice Building, Fifth Floor, Jackson, Mississippi. A copy of this Complaint should be served upon the Attorney General as the legal representative of the State of Mississippi in this matter.
(b) Honorable Jon Mark Weathers is the duly and lawfully elected District Attorney for the Twelfth Judicial District having his office at 407 Faulkner Building in Hattiesburg, Mississippi, and also at P.O. Box 1385, Hattiesburg, Mississippi 39401. A copy of this Complaint should be served upon the District Attorney.
(c) Honorable George Phillips is the duly and lawfully elected County Attorney for Forrest County, Mississippi, having his office at 114 West Pine Street in Hattiesburg, Mississippi, and also at P.O. Box 8, Hattiesburg, Mississippi 39401. A copy of this Complaint should be served upon the County Attorney.

5.
Venue of this action is properly laid in this Court. Miss.Code of 1972, § 11-43-9 and § 99-35-145.

6.
On June 22, 1976, D.C. Haden, a white person, was shot to death in a wooded area in Forrest County, Mississippi. Four men, Caesar Posey, Bobby McFarland, Luther York, and this Plaintiff, Charles Sylvester Bell, were indicted for his murder. The instant indictment charged Bell and Posey with the capital murder of D.C. Haden while they were engaged in the commission of a felony, to-wit: the crimes of kidnapping and armed robbery. Miss.Code (1972) § 97-3-19(2)(e), as amended. Petitioner entered a plea of not guilty to the indictment.

7.
The case was called for trial in the Circuit Court of Forrest County, Mississippi, on the morning of March 19, 1977. Petitioner was tried before a jury in a bifurcated trial purportedly conforming to the criteria set out in Jackson v. State, 337 So.2d 1242 (Miss. 1976). The trial lasted four days. On March 23, 1977, the jury returned into open Court a verdict of "Guilty as Charged". Thereafter, Petitioner was put to trial on the question of sentence and on the same day the jury returned the following verdict:
We, the Jury, unaninously [sic] find that after weighting [sic] the mitigating circumstances and the aggravating circumstances, one against the other, that the mitigating circumstances do not outweight [sic] the aggravating circumstances, and that the Defendant should suffer the penalty of death.
Execution of sentence was, of course, stayed pending appeal.

*124 8.
On May 24, 1978, the Supreme Court of Mississippi handed down its decision affirming the conviction and sentence of Petitioner. Bell v. State, 360 So.2d 1206 (Miss. 1978). Four of the nine justices dissented. 360 So.2d at 1216-1218. On August 9, 1978, Petitioner's petition for rehearing was denied.

9.
Thereafter, on or about December 9, 1978, Petitioner filed in the Supreme Court of the United States a petition for a writ of certiorari to the Supreme Court of Mississippi. By order entered on March 5, 1979, the Supreme Court of the United States denied Petitioner's petition for writ of certiorari.

10.
Immediately thereafter, the State of Mississippi filed in the Supreme Court of the State of Mississippi a motion to reset execution date. On March 14, 1979, the Supreme Court of Mississippi entered an order setting April 11, 1979, as the date for the execution of sentence of death upon Petitioner.

11.
Petitioner's conviction, confinement and sentence are unconstitutional and unlawful, and therefore void, for the following reasons:
(1) Petitioner has been sentenced to death pursuant to the Mississippi mandatory capital sentencing statute. See Senate Bill No. 2341, Chapter 576, Laws of Mississippi, 1974. The imposition and carrying out of a sentence of death under such a statute constitutes cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments to the Constitution of the United States and/or of Article 3, Section 28 of the Mississippi Constitution of 1890.
(2) Petitioner has been sentenced to death under the judicially decreed capital sentencing system as set out in Jackson v. State, 337 So.2d 1242 (Miss. 1976). The imposition and carrying out of a sentence of death pursuant to a judicially decreed capital sentencing system  as distinguished from one legislatively enacted  is a violation of the Eighth and Fourteenth Amendments to the Constitution of the United States and/or of Article 3, Section 28 of the Mississippi Constitution of 1890.
(3) The imposition and carrying out of a sentence of death upon Petitioner pursuant to the Supreme Court of Mississippi's radical judicial rewriting of the state's mandatory capital punishment statute [in an attempt to conform the statute to the requirements of Gregg v. Georgia, 428 U.S. 153 [96 S.Ct. 2909, 49 L.Ed.2d 859] (1976) and related cases].
(a) constitutes a violation of the due process clause of the Fourteenth Amendment; and
(b) constitutes cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments to the Constitution of the United States; and
(c) constitutes a violation of the due process clause of the Mississippi Constitution found in Article 3, Section 14 thereof.
(4) In the alternative, the death penalty statutes in Mississippi, as rewritten by the Supreme Court of Mississippi in the Jackson case, do not conform to the strictures of the due process and cruel and unusual punishment clauses of the Constitution of the United States as they have been interpreted in Gregg and the other cases decided by the Supreme Court of the United States on July 2, 1976, as a consequence of which the conviction and sentence of Petitioner are void.
(5) In the alternative the Jackson rewrite of the Mississippi mandatory death penalty statute does not conform to the expressed will of the people as enacted into law in Mississippi's guided discretion statute [House Bill No. 299, Chapter 458, Laws of 1977], which became law on April 13, 1977.
(6) The Jackson procedure permitted the jury, at the sentencing phase of Petitioner's trial in the Circuit Court of Forrest County, Mississippi, to consider an undefined and unlimited array of aggravating circumstances and allowed the jury unguided discretion *125 in so doing, in violation of the Eighth and Fourteenth Amendments to the Constitution of the United States.
(7) The Jackson procedure applied at the trial of Petitioner was constitutionally defective and otherwise unlawful in that it failed to require the jury to specify what aggravating circumstances it found.
(8) The Jackson procedure applied at the trial of Petitioner was constitutionally defective and otherwise unlawful in that it failed to require that the State of Mississippi bear the burden of proving
(a) the existence of the aggravating circumstances; and
(b) that the aggravating circumstances outweighed the mitigating circumstances
beyond a reasonable doubt and/or by a preponderance of the evidence.
(9) The jury which sentenced Petitioner Bell received no instructions from the Court regarding the burden or quantum of proof required of the State of Mississippi, either with respect to the existence of aggravating circumstances or with respect to the weighing of the aggravating circumstances against the mitigating circumstances.

12.
The trial and conviction of Petitioner, Charles Sylvester Bell, on the charge of capital murder and his current confinement and sentence of death were illegal and unconstitutional for the following reasons:
(a) The indictment which charged Petitioner with the crime of capital murder was insufficient to give Petitioner fair notice of the crime with which he was charged in clear and intelligible language.
(b) The trial Court illegally and otherwise improperly denied Petitioner a psychiatric examination;
(c) The statement and/or confession taken from Petitioner and introduced against him at trial was neither freely nor voluntarily given, was taken from him in violation of his rights protected under the Fifth and Fourteenth Amendments, and should not have been admitted into evidence at trial;
(d) The jury was erroneously instructed that if they found that "the defendant was engaged in the criminal act of armed robbery or kidnapping", they should find Petitioner guilty of capital murder;
(e) The jury was erroneously instructed that "you do not have to know that the defendant is guilty" in order to convict him;
(f) The jury which convicted Petitioner was never specially sworn, as required by Miss.Code (1972) Ann. § 13-5-73, nor was said jury ever generally sworn;
(g) The Petitioner was not present throughout the trial, nor did he waive his right to be present.

13.
Because of the various errors set forth in paragraph 12 above, when considered singly or in the aggregate, Petitioner has been tried, convicted, sentenced and confined in violation of his right to due process of law afforded by the Fourteenth Amendment to the Constitution of the United States and/or Article 3, Section 14 of the Mississippi constitution of 1890.

14.
Petitioner, a black person, has been convicted of the capital murder of a white person. Mississippi's capital murder statute is being, and in this specific case has been, applied in an unconstitutionally and otherwise illegally discriminatory fashion against persons convicted of murdering whites, as opposed to blacks, in violation of the Eighth and Fourteenth Amendments to the Constitution of the United States of America and, specifically, in violation of the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States.

15.
Petitioner is a black male and is a poor person. The Mississippi death penalty statute is, and in this specific case has been, applied in a discriminatory fashion against males and poor persons in violation of the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States.

*126 16.
In the statute under which Petitioner was indicted, tried convicted and sentenced, capital murder is defined to include the killing of a human being under various specified conditions, including the killing of a human being by any person engaged in the commission of certain other specified felonies. Expressly excluded from the definition of capital murder is the killing of another human being where no other felony is being committed in conjunction therewith, and where certain other specified conditions are not met. Under the statute, a "simple" murder, unattended by the circumstances specified in the capital murder sections, no matter how heinous, atrocious, tortuous or brutal the crime may have been, is not capital murder and does not subject the accused to the penalty of death. Considered under objective, neutral criteria, a "simple" murder may be far more deserving of condemnation than many "capital" murders. This is an arbitrary, irrational, and unjustifiable and invidious discrimination. There is no rational basis for a distinction between brutal heinous murders, on the one hand, and murders committed in the course of the commission of another felony. Petitioner being in the second group, his indictment, trial, conviction, and sentence have been under a statute which is violative of Petitioner's rights under the equal protection clause to the Fourteenth Amendment of the Constitution of the United States.

17.
The granting of the relief for which prayer is hereinafter made is absolutely essential in order that the constitutional rights of Petitioner, as set forth hereinabove, might be vindicated and that the deprivations of such rights might be redressed. The circumstances of this case are compelling, and the granting of the relief for which prayer is hereinafter made is absolutely necessary in order that justice may be done. This complaint has been filed in good faith and not for reasons of delay.

18.
Petitioner is entitled to an evidentiary hearing with respect to each of the claims and allegations set forth in Paragraphs 9 through 16 above. Section 99-35-145(5), Mississippi Code of 1972, as amended.

19.
The errors enumerated in paragraphs 9 through 16 above do not appear on the face of the record. Had they been duly presented to the Court, any one or all of said errors would have prevented the conviction and sentence of Petitioner.

20.
Petitioner reserves the right to amend this Complaint at any time prior to the hearing on the merits thereof. Specifically, in addition to coram nobis and/or habeas corpus, Petitioner reserves the right to invoke and seek relief under any other post-conviction remedy available in the State of Mississippi.
NOW, THEREFORE, in consideration of the above premises, Petitioner respectfully prays that process be issued for the Defendants, and each of them, in the manner and form prescribed by law, requiring them to be and appear before this Court within the time allowed by law to plead in response to this Complaint and that, upon the taking of testimony and receiving of evidence, the Court will
(a) hold the conviction of Petitioner in the Circuit Court of Forrest County, Mississippi, and the sentence of death imposed pursuant to such conviction, as well as the subsequent affirmance of such conviction and sentence in the Supreme Court of Mississippi, to be void and of no legal effect, and that pursuant to such judgment the Court will make such further order or orders as may be necessary in order that Petitioner might be protected from any attempt to enforce or execute the said sentence by Defendants; or, in the alternative,
(b) issue a writ of habeas corpus from this Court to the Defendants requiring them to show cause, if any they can, why the sentence of the Circuit Court of Forrest County, Mississippi, should be executed and enforced upon Petitioner, and why Petitioner should not be forever and finally discharged and relieved from any and all obligations under said conviction and sentence;
*127 (c) issue a writ of error coram nobis from this Court to the Defendants requiring them to show cause, if any they can, why the judgment of conviction and sentence of the Circuit Court of Forrest County, Mississippi, should be executed and enforced upon Petitioner, and why Petitioner should not be forever and finally discharged and relieved from any and all obligations under said conviction and sentence;
(d) fashion such order, decree, writ, or other form of relief as may appear proper and necessary in the light of all of the facts and circumstances of this case so that the rights of Petitioner might be vindicated and that Petitioner might be protected from any attempt to enforce said conviction and execute said sentence by Defendants;
(e) grant such further, additional and general relief as may appear equitable and just in the premises.

EXHIBIT C

IN THE SUPREME COURT OF THE STATE OF MISSISSIPPI
CHARLES SYLVESTER BELL PETITIONER
VS. NO. 50,382
JOHN C. WATKINS, Commissioner,
Mississippi Department of
Corrections; STEVE HARGETT,
Warden, Mississippi State Penitentiary;
GENE WALTERS,
Sheriff of Forrest County, Mississippi;
T.B. BRUCE, State Executioner;
and THE STATE OF
MISSISSIPPI RESPONDENTS

MOTION FOR LEAVE TO FILE A PETITION FOR WRIT OF ERROR CORAM NOBIS AND/OR WRIT OF HABEAS CORPUS
NOW COMES Charles Sylvester Bell, Petitioner herein, and respectfully shows unto this Court as follows:

1.
On June 22, 1976, D.C. Haden, a white person, was shot to death in a wooded area in Forrest County, Mississippi. Four men, Caesar Posey, Bobby McFarland, Luther York, and this Petitioner, Charles Sylvester Bell, were indicted for his murder. The instant indictment charged Bell and Posey with the capital murder of D.C. Haden while he was engaged in the commission of a felony, to-wit: The crime of kidnapping and armed robbery. Miss.Code (1972) § 97-3-19(2)(e), as amended. Petitioner entered a plea of not guilty to the indictment.

2.
The case was called for trial in the Circuit Court of Forrest County, Mississippi, on the morning of March 19, 1977. Petitioner was tried before a jury in a bifurcated trial under the criteria set out in Jackson v. State, 337 So.2d 1242 (Miss. 1976). The trial lasted four days. On March 23, 1977, the jury returned into open Court a verdict of "Guilty as Charged". Thereafter, Petitioner was put to trial on the question of sentence and on the same day the jury returned the following verdict:
We, the Jury, unaninously [sic] find that after weighting [sic] the mitigating circumstances and the aggravating circumstances, one against the other, that the mitigating circumstances do not outweight [sic] the aggravating circumstances, and that the Defendant should suffer the penalty of death.
Execution of sentence was, of course, stayed pending appeal.

3.
On May 24, 1978, the Supreme Court of Mississippi handed down its decision affirming the conviction and sentence of Petitioner. Bell v. State, 360 So.2d 1206 (Miss. 1978). Four of the nine justices dissented. 360 So.2d at 1216-1218. On August 9, 1978, Petitioner's petition for rehearing was denied.

4.
Thereafter, on or about December 9, 1978, Petitioner filed in the Supreme Court of the United States a petition for a writ of certiorari to the Supreme Court of Mississippi. By order entered on March 5, 1979, the Supreme Court of the United States denied Petitioner's petition for writ of certiorari. Bell v. Mississippi, 440 U.S. 950, 99 S.Ct. 1433, 59 L.Ed.2d 640 (1979).

*128 5.
Immediately thereafter, the State of Mississippi filed in the Supreme Court of the State of Mississippi a motion to reset execution date. On March 14, 1979, the Supreme Court of Mississippi entered an order setting April 11, 1979, as the date for the execution of sentence of death upon Petitioner.

6.
On April 2, 1979, Petitioner filed with this Court a motion for leave to file a petition of error coram nobis and/or writ of habeas corpus. On April 6, 1979, this Court entered its order overruling and denying said motion.

7.
Immediately thereafter, on April 6, 1979, Petitioner instituted in the United States District Court for the Northern District of Mississippi proceedings in the nature of a petition for a writ of habeas corpus pursuant to Article 1, Section 9 of the Constitution of the United States and Chapter 153, Title 28, United States Code. Said proceedings were styled "Charles Sylvester Bell v. John C. Watkins, et al" and were docketed in said Court as Civil Action No. GC 79-57-S-O. Pursuant thereto, on April 9, 1979, United States District Judge Orma R. Smith entered an order granting a stay of execution which order remains in effect to this date.

8.
Subsequently, on May 24, 1979, the aforesaid action pending in the United States District Court for the Northern District of Mississippi, was transferred to and placed upon the docket of the United States District Court for the Southern District of Mississippi, Hattiesburg Division, Civil Action No. H-79-0087N.

9.
Thereafter, the Respondents, acting on behalf of the State of Mississippi, filed a motion to dismiss urging that certain of the claims presented by Petitioner to the U.S. District Court in his Amended Complaint had not been presented to the Courts of the State of Mississippi as required by 28 U.S.C. § 2254(b). On October 25, 1979, United States District Judge Walter L. Nixon, Jr. entered an order
(a) Retaining jurisdiction over the cause, and
(b) Continuing into effect the stay of execution,
(c) Directing Petitioner, Charles Sylvester Bell, to initiate within fifteen days post-conviction proceedings in the Courts in the State of Mississippi for the purpose of exhausting his state remedies. It is in compliance with the aforesaid order of the United States District Court for the Southern District of Mississippi that this motion is being filed.

10.
Petitioner respectfully submits that substantial factual, legal and constitutional questions remain unresolved, any one or more of which could vitiate the conviction and sentence of Petitioner. Petitioner attaches hereto the original and two executed counterparts of a complaint in the nature of a petition for a writ of error coram nobis and/or a petition for a writ of habeas corpus and incorporates same into this motion by reference as though copied in full verbatim herein.

11.
As set forth in the attached Complaint, the questions raised therein should initially be presented to the Circuit Court of Forrest County, Mississippi, the Court in which Petitioner was originally tried and convicted. This application is initially made to this Court in accordance with Rule 38 of the Rules of the Supreme Court of Mississippi.

12.
The facts and/or legal issues raised in the annexed Complaint came to the attention of Petitioner after the decision of this Court rendered May 24, 1978. There has been no want of diligence on the part of Petitioner and/or his counsel.

13.
Most, if not all, of the errors in the proceedings in the Circuit Court of Forrest County, Mississippi and/or in this Court, as *129 set forth more fully in the annexed Complaint, are plain or clear errors which should have been, and which may now be, noticed by the Court and may form the basis for an order vacating the conviction and/or sentence of Petitioner.

14.
The granting of the relief for which prayer is hereinafter made is absolutely essential in order that the Constitutional rights of Petitioner, as set forth hereinabove, might be vindicated and that the deprivations of such rights might be redressed. The circumstances of this case are compelling, and the granting of the relief for which prayer is hereinafter made is absolutely necessary in order that justice may be done.

15.
This motion is being filed in good faith and in the belief that Petitioner is entitled to the relief for which prayer has been made in Complaint annexed hereto. This motion is not being filed solely for reasons of delay.
WHEREFORE, in consideration of the premises, Petitioner respectfully prays that he be permitted to file in the Circuit Court of Forrest County, Mississippi, the Complaint in the nature of a petition for writ of error coram nobis and/or a writ of habeas corpus in substantially the form annexed hereto; and, Petitioner prays for such further and additional relief as may be just and proper in the premises.

IN THE CIRCUIT COURT OF FORREST COUNTY, MISSISSIPPI
CHARLES SYLVESTER BELL PETITIONER
VS. NO. ____
JOHN C. WATKINS, Commissioner,
Mississippi Department of
Corrections; STEVE HARGETT,
Warden, Mississippi State Penitentiary;
GENE WALTERS,
Sheriff of Forrest County, Mississippi;
T.B. BRUCE, State Executioner;
and THE STATE OF
MISSISSIPPI RESPONDENTS

COMPLAINT
Charles Sylvester Bell, Petitioner herein, respectfully presents this Complaint in the nature of a Petition for a Writ of Error Coram Nobis and/or a Petition for a Writ of Habeas Corpus, unto the Court, and would show unto the Court as follows, to-wit:

1.
Jurisdiction of this cause is vested in this Court as follows:
(a) This Court has the power to grant the writ of error coram nobis, for which prayer is hereinafter made and, in accordance therewith, to grant the relief for which prayer is made by Petitioner, pursuant to the provisions of Section 99-35-145 of the Mississippi Code of 1972, as amended;
(b) This Court has the power to grant the writ of habeas corpus for which prayer is hereinafter made, and, in accordance therewith, to grant the further relief for which prayer is hereinafter made, pursuant to Article 3, Section 21, of the Mississippi Constitution of 1890, and Section 11-43-7 of the Mississippi Code of 1972, as amended, and upon other applicable bases.

2.
Petitioner, a member of the Negro or Black race, is an adult person who is presently incarcerated at the Maximum Security Unit at the Mississippi State Penitentiary situated in Parchman, Sunflower County, Mississippi, and is wholly subject to the custody and control of Respondents.

3.
The Respondents are:
(1) John C. Watkins, an adult resident citizen of Jackson, Hinds County, Mississippi, who is the duly and lawfully qualified, acting and serving Commissioner of the Department of Corrections, State of Mississippi, who has his principal office and who is charged by law with maintaining the custody and control of all prisoners of the State of Mississippi, including Petitioner at Room 200, 723 North President Street, Jackson, Mississippi,
(2) Steve Hargett, an adult resident citizen of Parchman, Sunflower County, Mississippi, who is the lawfully appointed Warden, Mississippi State Penitentiary, Parchman, *130 Mississippi, and is charged by law with maintaining the custody of all prisoners of the State of Mississippi, including Petitioner;
(3) Gene Walters, an adult resident citizen of Forrest County, Mississippi, who is the lawfully elected Sheriff of Forrest County, Mississippi, who maintains his office at the Forrest County Courthouse, Hattiesburg, Mississippi, who is charged by law with general supervision of the execution of the sentence of death upon Petitioner as hereinafter set forth;
(4) T.B. Bruce, an adult resident citizen of Belzoni, Humphreys County, Mississippi, who is the lawfully appointed State Executioner and who is charged by law with the execution of the sentence of death upon Petitioner, as hereinafter set forth; and
(5) The State of Mississippi.

4.
(a) Honorable A.F. Summer is the duly elected and lawfully serving Attorney General of the State of Mississippi who maintains his office at the Carroll Gartin Justice Building, Fifth Floor, Jackson, Mississippi. A copy of this Complaint should be served upon the Attorney General as the legal representative of the State of Mississippi in this matter.
(b) Honorable Jon Mark Weathers is the duly and lawfully elected District Attorney for the Twelfth Judicial District having his post office address at Post Office Box 1385, Hattiesburg, Mississippi 39401. A copy of this Complaint should be served upon the District Attorney
(c) Honorable George Phillips is the duly and lawfully elected County Attorney for Forrest County, Mississippi, having his office at 114 West Pine Street in Hattiesburg, Mississippi, and also at Post Office Box 8, Hattiesburg, Mississippi 39401. A copy of this Complaint should be served upon the County Attorney.

5.
Venue of this action is properly laid in this Court. Miss.Code of 1972, § 11-43-9 and § 99-35-145.

6.
On June 22, 1976, D.C. Haden, a white person, was shot to death in a wooded area in Forrest County, Mississippi. Four men, Caesar Posey, Bobby McFarland, Luther York, and this Petitioner, Charles Sylvester Bell, were indicted for his murder. The instant indictment charged Bell and Posey with the capital murder of D.C. Haden while they were engaged in the commission of a felony, to-wit: the crimes of kidnapping and armed robbery. Miss.Code (1972) § 97-3-19(2)(e), as amended. Petitioner entered a plea of not guilty to the indictment.

7.
The case was called for trial in the Circuit Court of Forrest County, Mississippi, on the morning of March 19, 1977. Petitioner was tried before a jury in a bifurcated trial purportedly conforming to the criteria set out in Jackson v. State, 337 So.2d 1242 (Miss. 1976). The trial lasted four days. On March 23, 1977, the jury returned into open Court a verdict of "Guilty as Charged". Immediately thereafter, Petitioner was put to trial on the question of sentence and on the same day the jury returned the following verdict:
We, the Jury, unaninously [sic] find that after weighting [sic] the mitigating circumstances and the aggravating circumstances, one against the other, that the mitigating circumstances do not outweight [sic] the aggravating circumstances, and that the Defendant should suffer the penalty of death.
Execution of sentence was, of course, has been stayed pending appeal and pursuit of post-conviction remedies.

8.
On May 24, 1978, The Supreme Court of Mississippi handed down its decision affirming the conviction and sentence of Petitioner. Bell v. State, 360 So.2d 1206 (Miss. 1978). Four of the nine justices dissented. 360 So.2d at 1216-1218. On August 9, 1978, Petitioner's petition for rehearing was denied.

*131 9.
Thereafter, on or about December 9, 1978, Petitioner filed in the Supreme Court of the United States a petition for a writ of certiorari to the Superior Court of Mississippi. By order entered on March 5, 1979, the Supreme Court of the United States denied Petitioner's petition for writ of certiorari. Bell v. Mississippi, 440 U.S. 950, 99 S.Ct. 1433, 59 L.Ed.2d 640 (1979).

10.
Immediately thereafter, the State of Mississippi filed in the Supreme Court of the State of Mississippi a motion to reset execution date. On March 14, 1979, the Supreme Court of Mississippi entered an order setting April 11, 1979, as the date for the execution of sentence of death upon Petitioner.

11.
On April 2, 1979, Petitioner filed with this Court a motion for leave to file a petition of error coram nobis and/or writ of habeas corpus. On April 6, 1979, this Court entered its order overruling and denying said motion.

12.
Immediately thereafter, on April 6, 1979, Petitioner instituted in the United States District Court for the Northern District of Mississippi proceedings in the nature of a petition for a writ of habeas corpus pursuant to Article 1, Section 9 of the Constitution of the United States and Chapter 153, Title 28, United States Code. Said proceedings were styled "Charles Sylvester Bell v. John C. Watkins, et al" and were docketed in said Court as Civil Action No. GC 79-57-S-O. Pursuant thereto, on April 9, 1979, United States District Judge Orma R. Smith entered an order granting a stay of execution which order remains in effect to this date.

13.
Subsequently, on May 24, 1979, the aforesaid action pending in the United States District Court for the Northern District of Mississippi, was transferred to and placed upon the docket of the United States District Court for the Southern District of Mississippi, Hattiesburg Division, Civil Action No. H-79-0087N.

14.
Thereafter, the Respondents, acting on behalf of the State of Mississippi, filed a motion to dismiss urging that certain of the claims presented by Petitioner to the U.S. District Court in his Amended Complaint had not been presented to the Courts of the State of Mississippi as required by 28 U.S.C. § 2254(b). On October 25, 1979, United States District Judge Walter L. Nixon, Jr., entered an order
(a) Retaining jurisdiction over the cause,
(b) Continuing into effect the stay of execution, and
(c) Directing Petitioner, Charles Sylvester Bell, to initiate within fifteen days post conviction proceedings in the Courts in the State of Mississippi for the purpose of exhausting his state remedies. It is in compliance with the aforesaid order of the United States District Court for the Southern District of Mississippi that this Complaint is being filed.

15.
Petitioner's conviction, confinement and sentence are unconstitutional and unlawful, and therefore void, for the following reasons:
(a) Petitioner has been sentenced to death pursuant to the Mississippi mandatory capital sentencing statute. See Senate Bill No. 2341, Chapter 576, Laws of Mississippi, 1974. The imposition and carrying out of a sentence of death under such a statute constitutes cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments to the Constitution of the United States and/or of Article 3, Section 28 of the Mississippi Constitution of 1890.
(b) Petitioner has been sentenced to death under the judicially decreed capital sentencing system as set out in Jackson v. State, 337 So.2d 1242 (Miss. 1976). The imposition and carrying out of a sentence of death pursuant to a judicially decreed capital sentencing system  as distinguished *132 from one legislatively enacted  is a violation of the Eighth and Fourteenth Amendments to the Constitution of the United States and/or of Article 3, Section 28 of the Mississippi Constitution of 1890.
(c) The imposition and carrying out of a sentence of death upon Petitioner pursuant to the Supreme Court of Mississippi's radical judicial rewriting of the state's mandatory capital punishment statute [in an attempt to conform the statute to the requirements of Gregg v. Georgia, 428 U.S. 153 [96 S.Ct. 2909, 49 L.Ed.2d 859] (1976) and related cases]
(i) constitutes a violation of the due process clause of the Fourteenth Amendment; and
(ii) constitutes cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments to the Constitution of the United States; and
(iii) constitutes a violation of the due process clause of the Mississippi Constitution found in Article 3, Section 14 thereof.
(d) In the alternative, the death penalty statutes in Mississippi, as rewritten by the Supreme Court of Mississippi in the Jackson case, do not conform to the structures of the due process and cruel and unusual punishment clauses of the Constitution of the United States as they have been interpreted in Gregg and the other cases decided by the Supreme Court of the United States on July 2, 1976, as a consequence of which the conviction and sentence of Petitioner are void.
(e) In the alternative, the Jackson rewrite of the Mississippi mandatory death penalty statute does not conform to the expressed will of the people as enacted into law in Mississippi's guided discretion statute [House Bill No. 299, Chapter 458, Laws of 1977], which became law on April 13, 1977.
(f) The Jackson standards permitted the jury, at the sentencing phase of Petitioner's trial in the Circuit Court of Forrest County, Mississippi, to consider an undefined and unlimited array of aggravating circumstances and allowed the jury unguided discretion in so doing, in violation of the Eighth and Fourteenth Amendments to the Constitution of the United States.
(g) The Jackson standards failed adequately to channel the jury's discretion and, accordingly, have rendered impossible effective or meaningful appellate review of Petitioner's sentence.
(h) The Jackson standards applied at the trial of Petitioner were constitutionally defective and otherwise illegal and unlawful in that they failed to require the jury to specify what aggravating circumstances it found.
(i) The Jackson standards applied at the trial of Petitioner were constitutionally defective and otherwise unlawful in that they failed to require that the State of Mississippi bear the burden of proving
(i) the existence of the aggravating circumstances; and
(ii) that the aggravating circumstances outweighed the mitigating circumstances beyond a reasonable doubt and/or by a preponderance of the evidence.
(j) The jury which sentenced Petitioner Bell received no instructions from the Court regarding the burden or quantum of proof required of the State of Mississippi, either with respect to the existence of aggravating circumstances or with respect to the weighing of the aggravating circumstances against the mitigating circumstances.
(k) The Jackson standards applied at the trial of Petitioner failed to require that the State of Mississippi bear the burden of proving the existence of aggravating circumstances beyond a reasonable doubt, and Sentencing Instruction C. 02 given at Petitioner's trial unconstitutionally placed the burden of proof on Petitioner.
(l) Petitioner was the first person to be tried and sentenced under the Jackson standards. Petitioner's rights under the Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States were violated, because Petitioner was sentenced to death at the conclusion of an amorphous, ruleless sentence procedure, inasmuch as the Jackson standards provided no adequate guidance for conducting such a proceeding.
*133 (m) Petitioner's rights under the Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States were violated by "Sentencing Hearing Instruction C. 01", which failed to provide adequate guidance to the jury. It read as follows:
The Court instructs the Jury that in this sentencing hearing the question for you to decide is whether the Defendant, now by your verdict found guilty, shall be sentenced to death or life imprisonment. You are instructed to consider the mitigating circumstances shown by the Defendant, if any, and the aggravating circumstances shown by the State, if any, in arriving at the sentence for the Defendant.
(n) Petitioner's punishment of death is excessive and disproportionate in relation to his crime and, therefore, constitutes cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments to the Constitution of the United States, because no finding was made by the jury that he intended to take the life of D.C. Haden. The mere fact that Petitioner was found guilty as charged by a jury does not mean that he was found to have been the trigger man who actually committed the murder of Haden.

16.
The trial and conviction of Petitioner, Charles Sylvester Bell, on the charge of capital murder and his sentence of death further violated Petitioner's rights under the Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States, for the following reasons:
(a) Petitioner was not given sufficient and timely notice of the specific aggravating circumstances that were proffered at his sentencing hearing and used as the basis for sentencing him to die, violating his right to a fundamentally fair proceeding guaranteed by the Fourteenth Amendment to the Constitution of the United States.
(i) None of the aggravating circumstances asserted by the prosecution at Petitioner's punishment trial were alleged in the indictment. None of the aggravating circumstances that were or may have been considered in imposing sentence upon Petitioners were alleged in the indictment.
(ii) Petitioner received no notice that the prosecution intended to reply on his prior convictions, leaving Petitioner and his counsel no opportunity to investigate the circumstances surrounding the prior conviction and rebut any negative inference. Thus his right to a fair trial was violated.
(iii) The jury which convicted Petitioner at the guilt or innocence hearing was immediately reimpaneled for the sentencing hearing. Petitioner was not given adequate opportunity, in fact, Petitioner was given no opportunity at all to prepare his case for the sentencing phase at trial.
(iv) The fact that the same jury heard both the guilt or innocence phase of the trial and the sentencing phase of the trial substantially, illegally and unconstitutionally prejudiced Petitioner. To require an accused to present such issues as remorse, rehabilitation and the like before the same twelve jurors who heard and decided the question of guilt or innocence produces a substantial and impossible burden for any accused. Such a practice places a substantial burden on an accused's exercise of his Constitutional right to have his guilt or innocence determined by a jury of his peers. It is therefore unlawful and unconstitutional that the same jurors who found Petitioner guilty of capital murder should thereafter be seated at the sentencing phase of a capital murder trial and charged with determining punishment.
(b) The trial court's failure to order a psychiatric examination as requested by defense counsel deprived Petitioner of his due process right to a fair trial.
(i) The hearing held on Petitioner's motion for a psychiatric examination was inadequate to determine the merits of Petitioner's motion in that only lay testimony was heard, and Petitioner's due process rights were thereby violated under the standards set forth by the United *134 States Supreme Court in Pate v. Robinson, 383 U.S. 375 [86 S.Ct. 836, 15 L.Ed.2d 815] (1966) and Drope v. Missouri, 420 U.S. 162 [95 S.Ct. 896, 43 L.Ed.2d 103] (1975).
(ii) Petitioner, an indigent, was thus denied the opportunity to obtain a competent expert determination of the question of whether or not at the time of the alleged offense he knew the difference between right or wrong and/or whether or not at that time he lacked substantial capacity to appreciate the wrongfulness of his conduct, or to conform his conduct to the requirements of law and/or whether or not his actions were a product of a mental defect or deficiency.
(iii) Petitioner's rights under the Eighth and Fourteenth Amendments to the United States Constitution were violated, in that the trial court's action denied Petitioner, an indigent, the opportunity to obtain evidence relevant to the sentencing phase of the trial.
(c) The statement and/or confession taken from Petitioner and introduced against him at trial was neither freely nor voluntarily given, was taken from him in violation of his rights protected under the Fifth, Sixth, and Fourteenth Amendments, and should not have been admitted into evidence at trial.
(d) (i) During the selection of the jury, the prosecuting attorney inquired of the various prospective jurors concerning their feelings about the death penalty. However, the proceedings on voir dire of the jury were not transcribed by the court reporter and are not a part of the record. As the Court well knows, jury selection is a most critical stage in any trial, particularly a capital trial. Questions the prosecution attorney can and cannot ask on voir dire are closely scrutinized. Witherspoon v. Illinois, 391 U.S. 510 [88 S.Ct. 1770, 20 L.Ed.2d 776] (1968). The failure of the reporter to include these proceedings in the transcript makes review impossible. A new trial must therefore, be held.
(ii) Petitioner was tried, convicted and sentenced by a jury composed of twelve (12) white persons. Black persons were systematically and unconstitutionally excluded from the jury which tried, convicted and sentenced Petitioner.
(e) The jury was erroneously instructed that if they found that "the defendant was engaged in the criminal act of armed robbery or kidnapping", they should find Plaintiff guilty of capital murder;
(f) The jury was erroneously instructed that "you do not have to know that the defendant is guilty" in order to convict him;
(g) The jury was given no instruction defining the elements of the crime(s) of
(i) capital murder; or
(ii) armed robbery; or
(iii) kidnapping.
(h) The jury which convicted Petitioner was never specially sworn, as required by Miss.Code (1972) Ann. § 13-5-73, nor was said jury ever generally sworn;
(i) The Petitioner was not present throughout the trial, nor did he waive his right to be present.

17.
Because of the various errors set forth in paragraph 16 above, when considered singly or in the aggregate, Petitioner has been tried, convicted, and sentenced in violation of his right to due process of law afforded by the Fifth, Eighth and Fourteenth Amendments. For these reasons, in addition to the others asserted herein Petitioner is in the custody in violation of the Constitution and laws of the United States.

18.
As indicated in paragraph 16(d)(i) above, the jury selection procedures were not a part of the trial transcript on appeal to the Supreme Court of Mississippi. The following additional proceedings at trial were not included in the transcript:
(1) Proceedings related to the requests for jury instructions by the State and by the Defendant [Petitioner here], together with exceptions made thereto and the rulings of the Court thereon;
*135 (2) The final arguments of counsel for the State and for the Defendant on the question of guilt or innocence;
(3) Final arguments for the State and for the Defendant on the question of sentence. Because of these significant omissions from the trial transcript, meaningful review by the Supreme Court of Mississippi, both for the traditional purpose of assuring that no reversible errors were committed at trial and for the Gregg mandated purpose of conducting an appellate review of all death cases, was rendered impossible. Likewise, meaningful and effective post-conviction review has been rendered impossible.

19.
Petitioner was denied the effective assistance of counsel at both the guilt or innocence phase of his trial in the Circuit Court of Forrest County, Mississippi and/or at the sentencing phase of his trial, in violation of his rights secured by the Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States in the following ways:
(a) Petitioner was and is an indigent and, therefore, was entitled to appointed counsel. Miss.Code (1972) § 99-15-15, et seq. The Circuit Court of Forrest County, Mississippi has had a practice or procedure whereby the names of many of the most able or competent trial lawyers in the county had been systematically excluded from consideration for appointment in indigent criminal defense cases. Petitioner was deprived of an opportunity for access to the services of any of such attorneys.
(b) By statute, the State of Mississippi authorizes the appointment of two attorneys to represent indigent defendants accused of capital crimes. Miss.Code (1972) § 99-15-17. It is the pattern and practice throughout the State of Mississippi that in capital cases two and sometimes three attorneys are appointed to represent the accused. Moreover, one of the attorneys so appointed is always a veteran, experienced trial attorney. In this case, by order entered on March 11, 1977, the Court substantially deviated from its statutory authority and the custom and practice in appointing only one attorney to represent the Petitioner.
(c) In March of 1977, there were numerous experienced trial attorneys practicing law in Forrest County, Mississippi who are available for appointment to represent Petitioner on the capital murder charge lodged against him. However, the Circuit Court of Forrest County appointed a youthful and generally inexperienced attorney to represent the Petitioner. By order entered March 11, 1977, the Court appointed Paul Richard Lambert, Esq., who was admitted to the bar in December of 1975 and at that time had less than two years experience as a member of the bar.
(d) By unreasonably limiting the compensation available for payment of the fees of court appointed counsel and/or for the reimbursement of reasonable and necessary out-of-pocket expenses incurred by court appointed counsel (including, but not limited to, investigative expenses, expenses of expert witnesses, and the like), as set forth more fully in Miss.Code (1972) § 99-15-17, the State of Mississippi has denied Petitioner the effective assistance of counsel.
(e) Although the said Paul Richard Lambert, Esq., was conscientious and diligent, in the proceedings before the Circuit Court of Forrest County, Mississippi and in the Supreme Court of Mississippi, in protecting the interests of Petitioner, numerous instances occurred at the trial and on appeal when proper action was not taken by counsel to protect the Petitioner's interests, to-wit:
(i) As noted by the Supreme Court of Mississippi in its opinion affirming the conviction and sentence of the Petitioner, reported at 360 So.2d 1206, numerous potential errors in the trial record were not assigned or briefed before the Supreme Court of Mississippi.
(ii) The insanity defense was never raised or litigated, although there existed reasonable grounds therefor.
(iii) The facts and circumstances of Petitioner's prior convictions were not investigated and no exculpatory evidence *136 was offered at the sentencing phase of the trial.
(iv) No character witnesses were called to testify on behalf of Petitioner at the sentencing phase of the trial nor were any of the other members of his family called. Such witnesses were available and would have been willing to testify if they had been asked.
(v) No other evidence was offered on behalf of Petitioner at the sentencing phase of the trial.
(vi) The case was presented to the Supreme Court of Mississippi on an inadequate transcript, the portion not included being set out in paragraph 18 above.
(vii) In November of 1976, Petitioner Charles Sylvester Bell, was convicted of capital murder of one Michael Romanoff. See Bell v. State, 353 So.2d 1141 (Miss. 1977). As a result of the prior trial and conviction of Bell on this unrelated murder charge, there was substantial prejudice against Bell in the community prior to the trial of Bell for the Haden murder. Such prejudice was of a magnitude sufficient to prevent Bell from obtaining a trial before a fair and impartial jury. However, no motion for change of venue was ever made.
(viii) No objection was made to the fact that the same jurors who convicted Petitioner sat on the panel which sentenced him.
(ix) No objection was made to the erroneous and inadequate instructions given by the Court defining the crime of capital murder, failing to include a proper standard for burden of proof, and concerning the definition of aggravating and mitigating circumstances.
(x) In other ways to be shown at the hearing on the merits hereof.

20.
(a) The death penalty in the State of Mississippi has been discriminatorily imposed on Black defendants poor persons and males, as well as on defendants accused of killing whites, in violation of the Eighth and Fourteenth Amendments to the Constitution of the United States of America, and, specifically, in violation of the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States.
(b) Petitioner, a Black male, who is indigent, has been sentenced to die pursuant to this pattern of racial economic and sexual discrimination; therefore, his rights under the Equal Protection Clause of the Fourteenth Amendment to the cified Constitution of the United States have been violated.
(c) Petitioner's rights under the Eighth Amendment to the Constitution of the United States have been violated by the arbitrary and capricious imposition of the death penalty in his case.
(i) The Constitution as construed in Gregg, et al, mandates a comparison of Petitioner's case with other capital cases. In its decision in this case the Supreme Court of Mississippi has substantially deviated from the comparison standards mandated by the Supreme Court of the United States.
(ii) A number of the cases cited by the Mississippi Supreme Court in its "comparison with similar cases" arose between the years 1954 through 1964, predating Furman v. Georgia, 408 U.S. 238, [92 S.Ct. 2726, 33 L.Ed.2d 346] (1972), and thereby stand condemned as arbitrary and capricious.
(iii) The Mississippi Supreme Court, in its review of Petitioner's death sentence, did not consider any homicide cases which did not result in death sentences. There has been many murder convictions in Mississippi in recent years which (a) did not result in death sentences and (b) cannot rationally be distinguished from Petitioner's case in relationship to the justification for imposing capital punishment.

21.
In the statute under which Petitioner was indicted, tried, convicted and sentenced, capital murder is defined to include the killing of a human being under various specified conditions, including the killing of *137 a human being by any person engaged in the commission of certain other specified felonies. Expressly excluded from the definition of capital murder is the killing of another human being where no other felony is being committed in conjunction therewith, and where certain other specified conditions are not met. Under the statute, a "simple" murder, unattended by the circumstances specified in the capital murder sections, no matter how heinous, atrocious, tortuous or brutal the crime may have been, is not capital murder and does not subject the accused to the penalty of death. Considered under objective, neutral criteria, a "simple" murder may be far more deserving of condemnation than many "capital" murders. This is an arbitrary, irrational, and unjustifiable and invidious discrimination. There is no rational basis for a distinction between brutal heinous murders, on the one hand, and murders committed in the course of the commission of another felony. Petitioner being in the second group, his indictment, trial, conviction, and sentence have been under a statute which is violative of Petitioner's rights under the equal protection clause to the Fourteenth Amendment of the Constitution of the United States.

22.
(a) As set forth hereinabove, Petitioner was one of our persons, each of whom in law was equally guilty of the murder of D.C. Haden. Caesar Posey and Luther York, two of the other participants in this murder, have been given life sentences. The fourth participant, Bobby McFarland, is now deceased. It is cruel and unusual punishment, a denial of due process, and a denial of the equal protection of the laws to subject Petitioner to the death penalty when two other persons, Posey and York, equally guilty of the same murder, have been given life sentences.
(b) The testimony of the accomplice, Posey, was induced by the offer of a sentence less than death, thus violating Petitioner's right to due process of law. Napue v. Illinois, 360 U.S. 264, [79 S.Ct. 1173, 3 L.Ed.2d 1217] (1959).

23.
On June 22, 1976, at the time of the commission of the crime here involved, Petitioner, Charles Bell, as a result of mental disease or defect, lacked substantial capacity either to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of law. Accordingly, Petitioner Bell was not criminally responsible for his conduct as a result of which is conviction and sentence constitute violations of due process of law.

24.
The granting of the relief for which prayer is hereinafter made is absolutely essential in order that the Constitutional rights of Petitioner, as set forth hereinabove, might be vindicated and that the deprivations of such rights might be redressed. The circumstances of this case are compelling, and the granting of the relief for which prayer is hereinafter made is absolutely necessary in order that justice may be done. This Complaint has been filed in good faith and not for reasons of delay.

25.
Petitioner is entitled to an evidentiary hearing with respect to each of the claims and allegations set forth in Paragraphs 15 through 23 above. Section 99-35-145(5), Mississippi Code of 1972, as amended.

26.
The errors enumerated in Paragraphs 15 through 23 above do not appear on the face of the record. Had they been duly presented to the Court, any one or all of said errors would have prevented the conviction and sentence of Petitioner.

27.
Petitioner reserves the right to amend this Complaint at any time prior to the hearing on the merits thereof. Specifically, in addition to coram nobis and/or habeas corpus, Petitioner reserves the right to invoke and seek relief under any other post-conviction remedy available in the State of Mississippi.
NOW, THEREFORE, in consideration of the above premises, Petitioner respectfully prays that process be issued for the Respondents, *138 and each of them, in the manner and form prescribed by law, requiring them to be and appear before this Court within the time allowed by law to plead in response to this Complaint and that, upon the taking of testimony and receiving of evidence, the Court will
(a) hold the conviction of Petitioner in the Circuit Court of Forrest County, Mississippi, and the sentence of death imposed pursuant to such conviction, as well as the subsequent affirmance of such conviction and sentence in the Supreme Court of Mississippi, to be void and of no legal effect, and that pursuant to such judgment the Court will make such further order or orders as may be necessary in order that Petitioner might be protected from any attempt to enforce or execute the said sentence by Respondents; or, in the alternative,
(b) issue a writ of habeas corpus from this Court to the Respondents requiring them to show cause, if any they can, why the sentence of the Circuit Court of Forrest County, Mississippi, should be executed and enforced upon Petitioner, and why Petitioner should not be forever and finally discharged and relieved from any and all obligations under said conviction and sentence;
(c) issue a writ of error coram nobis from this Court to the Respondents requiring them to show cause, if any they can, why the judgment of conviction and sentence of the Circuit Court of Forrest County, Mississippi, should be executed and enforced upon Petitioner, and why Petitioner should not be forever and finally discharged and relieved from any and all obligations under said conviction and sentence;
(d) upon the hearing held pursuant to the issuance of said writ of habeas corpus and/or writ of error coram nobis, order that Petitioner should be forever discharged from custody, or, in the alternative, permanently vacate the sentence of death imposed upon Petitioner.
(e) fashion such order, decree, writ, or other form of relief as may appear proper and necessary in light of all of the facts and circumstances of this case so that the rights of Petitioner might be vindicated and that Petitioner might be protected from any attempt to enforce said conviction and execute said sentence by Respondents;
(f) grant to Petitioner such further, additional and general relief as may appear equitable and just in the premises.